Mr. Justice Nott
delivered the opinion of the court s
There is no doubt but that the court has the ,power to order mutual judgments to be set off against each other. This is a common law power, and is not derived from the act' authorising parties' to set off mutual debts. Lord Kenyon says, it depends on the general jurisdiction of the court over the suitors in it, and is an equitable part of their jurisdiction, and has been frequently exercised, (Mitchell vs. Oldfield, 4 Term Rep. 123. Montague On Set Off, 5, 6. 1 H. Blackstone, 217. 2 Sellon’s Practice, 451.) If it constitute a part of the equitable jurisdiction of the court, it ought to be so exercised as to do equity, and not to sanction fraud, and a person who wishes to have the benefit of it ought to avail himself of the earliest opportunity to make bis application, and not to delay until the interest of third persons have become in-, volved. ' Tflhepartyinthiscasehadmadehis application at the court when his judgment was obtained, it ought to have been granted. He had three methods of proceeding, one that which he is now endeavoring to pursue ; another by fi. fa. against the goods of the defendant; and the third, by taking his body in execution. He chose the latter, and after having made his election, (and particularly under the circumstances of this case,) he ought to be bound by it; at least he can have no high claim to the assistance of this court to relieve him from the difficulty of his ovra voluntary creation. It is true a judgment is not a negotiable instrument, nevertheless an assignment conveys an equitable interest to the assignee, such as a court of laiy *205 will notice and respect, in all cases of appeal to its discretion. (Norman vs. Crocker, 1 Bay, 246.) A'bond is not negotiable, and yet this court would so far respect the assignee of one as not to prevent a judgment recovered upon it to be set off against one recovered against the obligee. The plaintiff by taking the body of the. defendant, had voluntarily relinquished every other claim upon him, and the claim which he now has upon his property, is revived only by the accidental circumstance of his death.— Suppose the assignee of this judgment had enforced an execution against Williams in the life time of Evans, and during the time he had his body in execution, could Williams have required that money while in the hands of the .sheriff, to be paid over to him ? Certainly not; because having taken the body in execution, he must have been contented with it — he could not have a double satisfaction, A releasement of Evans from custody, would have been a release of the debt. He had a mild and easy method of enforcing the payment of his debt, if he had chosen to make use of it. Instead of which, he resorted to the most rigorous and unfeeling, known to the law ; like another Shy lock, he would have nothing short of his flesh, and having no longer the means of gratifying his vengeance, he now comes and asks this court to take from a humane and merciful creditor a vested right to satisfy a debt which he had it in his power to receive, and which he voluntarily relinquished to gratify a vindictive passion.
Levy Sy Me Willie, for the motion.
I. C. Carter, contra.
The motion must be granted.
Justices Richardson ¿y Colcock, concurred.